Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Queenan; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Cavalry SPV I, LLC; | |
| Defendant. | (Jury Trial Demanded) |

### I.  Preliminary Statement

1.     Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II.  JURISDICTION

2.   Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III.  PARTIES

3.   Plaintiff is a natural person residing in Maricopa County, Arizona.

4.   Plaintiff is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.

5.   Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

6.   Defendant Cavalry SPV I, LLC ("Cavalry") is a Delaware limited liability company.

7.   Cavalry regularly uses the courts in Arizona to collect consumer debts.

8.   Cavalry collects or attempts to collect debts which it claims to have purchased after default.

9.   Cavalry is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV.  Factual Allegations

10.   On April 15, 2015, Defendant filed suit against Plaintiff in the McDowell Mountain Justice Court, in Maricopa County, Arizona. (hereinafter "Suit").

11.   Defendant alleged in the Suit that Plaintiff had opened a credit card account with Bank of America/FIA Card Services, N.A. on March 1, 2006. Any credit card account which Plaintiff would have had with Bank of America/FIA Card Services, N.A. would have been used solely

- 2 -

1    for personal, family, or household purposes.

2    12.   Defendant further alleges in the Suit that Cavalry acquired the alleged
3          debt from Bank of America.

4    13.   Upon being served, Plaintiff hired counsel to defend him in the Suit.

5    14.   The alleged debt which Cavalry is attempting to collect went into
6          default on January 13, 2009.

7    15.   At the time Cavalry filed the Suit, the alleged debt was already stale,
8          and past the applicable statute of limitations under Arizona law. *See*
9          A.R.S. § 12-548(A)(2).

10   16.   At the time Defendant filed the Suit, it falsely represented to Plaintiff
11         that the debt was not stale, and that the Suit was filed within the appli-
12         cable statute of limitations.

13   17.   At the time Defendant filed the Suit against Plaintiff, it knew that the
14         debt was time-barred.

15   18.   Despite knowing that its claim was time-barred, Defendant has contin-
16         ued to prosecute the Suit against Plaintiff.

17   19.   As a result of Defendant's actions as outlined above, Plaintiff has
18         suffered actual damages including, but not limited to, attorney's fees,
19         court costs, anxiety, worry, embarrassment, sleeplessness, stress,
20         invasion of privacy, loss of opportunity, damage to credit and reputa-
21         tion, and other extreme emotional distress.

22   20.   Defendant's actions as outlined above were intentional, willful, and in
23         gross or reckless disregard of Plaintiff's rights, and part of Defendant's
24         persistent and routine practice of debt collection.

25   21.   In the alternative, Defendant's actions were negligent.

## V.  Causes of Action

### Fair Debt Collection Practices Act

22.    Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

23.    Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

24.    As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)    Actual damages under the FDCPA;

b)    Statutory damages under the FDCPA;

c)    Costs and reasonable attorney's fees; and

d)    Such other relief as may be just and proper.

DATED  September 18, 2015  .


                              s/ Floyd W. Bybee
                              Floyd W. Bybee, #012651
                              **BYBEE LAW CENTER, PLC**
                              90 S. Kyrene Rd., Ste. 5
                              Chandler, AZ 85226-4687
                              Office: (480) 756-8822
                              Fax: (480) 302-4186
                              floyd@bybeelaw.com

                              Attorney for Plaintiff